

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:15-CR-30076-RAL |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DENYING PRODUCTION OF INTERVIEW NOTES |
| vs. | |
| CHRISTOPHER DAVID EDENSO, SR., | |
| Defendant. | |

Christopher David Edenso, Sr. has orally moved the Court for an order requiring the Government to produce the handwritten notes made of his interview with federal and tribal agents.  The Government resists, arguing that he is not entitled to the interview notes.  Because the notes are neither *Jencks* Act[1] material nor are discoverable under *Brady v. Maryland*[2] or on some other basis, Edenso's production motion is denied.

## BACKGROUND

On June 16, 2015, FBI Special Agent Adam Rowland and Kory Provost, a special agent with the Rosebud Sioux Tribe, interviewed Edenso.  The interview took place at the Rosebud tribal jail.  The audio portion of the interview was recorded and Agent

---

[1]*See* 18 U.S.C. §3500.

[2]373 U.S. 83 (1963).

Rowland took notes of what Edenso said. These notes were then used to prepare a typewritten 302 report 15 days later.

Edenso orally moved for the production of the notes Agent Rowland made of the interview. The Government objected to the disclosure of the interview notes. The Court ordered that the notes be sent to it for *in camera* review. The Court thereafter read the notes and compared them with both the recording and report.

## DISCUSSION

### A. *Jencks* Act

At the outset, the Government's position is not at odds with its responsibilities under the *Jencks* Act. The Act does not apply to any statements made by Edenso himself, but rather only to "a government witness or prospective Government witness *(other than the defendant)*."[3] What's more, the notes were neither "adopted" by him nor a "verbatim recital" of his remarks and therefore do not constitute a "statement" within the meaning of the Act."[4] And any alleged "statements" made by Agent Rowland (and there appear to be none), would consist solely of his "interpretations or impressions," which the Supreme Court has held are "not to be produced."[5]

---

[3]§3500(a) (emphasis added).

[4]*See* §3500(e)(1)-(2).

[5]*Palermo v. United States*, 360 U.S. 343, 353 (1959).

2

Inasmuch as Agent Rowland's interview notes do not include statements made by a Government witness,[6] the *Jencks* Act does not require that they be produced.[7]

**B. *Brady***

In *Brady*, the Supreme Court held that the prosecution's suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the prosecution's good or bad faith.[8]   According to the Court, allowing the prosecution to withhold evidence on demand which, if made available, would tend to exculpate the accused or reduce his penalty, does not comport with standards of justice.[9]

Here, Agent Rowland's pen notes are not favorable evidence.  Instead, they are duplicative and merely repeat what is already on the audio recording and in the agent's previously disclosed 302 report.  Significantly, Edenso's ability to cross-examine the agent at trial will not be compromised (and was not hampered at the suppression

---

[6]*See* §3500(e).

[7]*See United States v. Wright*, 540 F.3d 833, 842 (8th Cir. 2008), *cert. denied*, 556 U.S. 1238 (2009).

[8]*See* 373 U.S. at 87; *see also Giglio v. United States*, 405 U.S. 150, 154 (1972) (impeachment evidence falls under *Brady* when the reliability of a given witness may be determinative of the defendant's guilt or innocence).

[9]*See Brady*, 373 U.S. at 87-88.

hearing) by the lack of disclosure. The notes are likewise not "additionally exculpatory."[10] The Government thus is not obliged to produce the notes under *Brady*.

## C. Bad Faith, Substantive Variance and Prejudice

In any event, there is no bad faith on the part of the Government in its handling of the handwritten notes. It retained the notes after the 302 report was prepared and submitted them, when directed, to the Court for *in camera* review.[11]

Furthermore, the notes do not vary, in any material respects, from either the recording or Agent Rowland's report. This being the case, Edenso cannot claim that he has been or will be prejudiced by the notes being turned over to him.[12]

### CONCLUSION

Edenso is not entitled to Agent Rowland's contemporaneous interview notes under the *Jencks* Act, *Brady* or otherwise. His motion, seeking to require that the notes be produced, is without any legal or factual basis and must, per force, be denied.

Accordingly, it is hereby

---

[10]*United States v. Greatwalker*, 356 F.3d 908, 912 (8th Cir. 2004); *see also United States v. Grunewald*, 987 F.2d 531, 535 (8th Cir. 1993) (the Government's failure to produce the handwritten notes of an IRS agent did not violate *Brady*).

[11]*See United States v. Leisure*, 844 F.2d 1347, 1361 & n.10 (8th Cir.), *cert. denied*, 488 U.S. 932 (1988); *United Sates v. Williams*, 604 F.2d 1102, 1116-17 & n.7 (8th Cir. 1979).

[12]*See Greatwalker*, 356 F.3d at 911; *Grunewald*, 987 F.2d at 535; *Leisure*, 844 F.2d at 1361.

ORDERED that Edenso's motion to require the production of interview notes is denied.

DATED this 15th day of October, 2015, at Pierre, South Dakota.

BY THE COURT:

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**