UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER DAVID EDENSO SR.,<br><br>Defendant. | 3:15-CR-30076-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Defendant Christopher David Edenso Sr. filed a pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 80. Edenso argues his request for compassionate release should be granted due to extraordinary and compelling reasons, citing his father's ongoing health issues and his need to care for his father. Docs. 80, 80-1. The United States opposes Edenso's motion. Doc. 82. For the reasons discussed, Edenso's motion is denied.

## I.      Facts and Procedural History

Edenso is serving an 185-month custody sentence with three years of supervised release. Doc. 73. Edenso is housed presently at the Federal Correctional Institute Three Rivers, and his projected release date is September 27, 2028. Inmate Locator, BOP, https://www.bop.gov/inmateloc (last visited Apr. 8, 2026). Edenso is 36 years old. He was charged with the second-degree murder of his son and ultimately pleaded guilty. Doc. 63 at 3, 4–5; Doc. 58. Edenso's total offense level was 37, and his lack of criminal history placed him in Criminal History Category I. Doc. 63 at 7–8. Edenso thus faced a guideline imprisonment range

1

of 210 to 262 months. Id. at 12. However, under Federal Rules of Criminal Procedure 11(c)(1)(A) and (C), in the plea agreement, the parties agreed to a total sentencing range of 12 years (144 months) up to 17.5 years (210 months) of incarceration, which was binding once accepted by this Court. Doc. 50 ¶¶ B, G. Pursuant to that binding plea agreement and the history and characteristics of Edenso, this Court sentenced Edenso to 185 months' imprisonment followed by 3 years of supervised release. Doc. 73; Doc. 74 at 3.

Edenso has written that his father, Christopher Garcia, suffers from multiple medical conditions, including issues stemming from an old injury to his spine and paralysis on his left side following a recent heart attack. Doc. 80-1 at 2. The presentence investigation report notes that Garcia was frequently absent, and that Edenso was neglected by his parents until he ultimately moved in with his grandparents at 8 or 9 years old. Doc. 63 at 9. Garcia was incarcerated in Washington at the time of Edenso's underlying federal criminal case, id., and Edenso writes in his motion that he has not seen his father since 2012, Doc. 80-1 at 2. Garcia is no longer incarcerated, and in his motion, Edenso describes having a great relationship with his father growing up. Id. at 1. Edenso writes that he visited his father in prison with his grandparents until 2012, when his grandmother passed away and Edenso chose not to go back home after her funeral. Id. Edenso argues that he is eligible for compassionate release because his father's medical conditions qualify as an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(3)(C) as he is the only available caregiver for his father. Doc. 80 at 5. The United States opposes a grant of compassionate release and argues that Edenso has not shown that his father is incapacitated or that he is the only available caregiver. Doc. 82.

## II.    Discussion

### A. Exhaustion Requirement

Sentences are final judgments, and under ordinary circumstances, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Olson, No. 3:19-CR-30133, 2021 WL 4478031, at *1 (D.S.D. Sept. 30, 2021). However, 18 U.S.C. § 3582(c)(1)(A) provides an exception. Section 3582(c)(1)(A), as amended by the First Step Act of 2018, allows district courts to consider and decide motions seeking what is commonly called "compassionate release." Before a district court can consider a First Step Act motion, an incarcerated person must satisfy a statutory exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). This requirement is met if (1) the incarcerated person has fully exhausted all administrative rights to appeal the BOP's failure to file a motion on the incarcerated person's behalf or (2) 30 days have passed from the receipt of such a request by the warden of the incarcerated person's facility, whichever is earlier. Id. Edenso requested compassionate release based on his father's incapacitation from FCI Sandstone Warden T. Vaught, and Warden Vaught denied this request on October 3, 2025. Doc. 80 at 3; Doc. 80-2; Doc. 81 at 139–40. The United States concedes that Edenso has exhausted his administrative remedies. Doc. 82 at 4. Because Edenso has satisfied the exhaustion requirement, this Court considers the merits of his motion.

### B. Extraordinary and Compelling Reasons

Under § 3582(c)(1)(A), a district court may grant an incarcerated person's motion for a reduced sentence after the Court finds (1) extraordinary and compelling reasons exist and warrant such a reduction;[1] (2) those reasons are consistent with the applicable policy statement

---

[1] A court could also grant a reduced sentence if the defendant is at least 70 years old and has served at least 30 years in prison. 18 U.S.C. § 3582(c)(1)(A)(ii). Edenso does not meet these criteria.

3

promulgated by the United States Sentencing Commission, here U.S.S.G. § 1B1.13; and (3) an examination of the 18 U.S.C. § 3553(a) sentencing factors supports a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Congress did not define "extraordinary and compelling reasons." See 28 U.S.C. § 994(t). Instead, Congress charged the Sentencing Commission with issuing general policy statements outlining the "appropriate use of . . . the sentence modification provisions set forth in section[] . . . 3582(c)," including "what should be considered extraordinary and compelling reasons for sentence reduction [and] the criteria to be applied." Id. § 994(a)(2)(c), (t).

Effective November 1, 2023, the Sentencing Commission updated the criteria for what constitutes "[e]xtraordinary and compelling reason[s]" to reduce a term of imprisonment. U.S.S.G. § 1B1.13(b). As amended, "[e]xtraordinary and compelling reasons exist under any of the following circumstances or [through] a combination thereof": (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) being a victim of sexual or physical abuse while in custody, (5) other reasons with equal gravity as the aforementioned circumstances, and (6) unusually long sentences. Id. A "district court has broad discretion in determining whether proffered circumstances warrant" compassionate release under the First Step Act. United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020).

In determining whether Edenso's family circumstances constitute extraordinary and compelling reasons to reduce his sentence, this Court takes guidance from the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13(b)(3). The policy statement identifies four situations in which the family circumstances of the defendant constitute an extraordinary and compelling reason to reduce the defendant's sentence. The first circumstance is "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18

4

years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A). The second situation is "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. § 1B1.13(b)(3)(B). The third situation warranting early release is "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Id. § 1B1.13(b)(3)(C). The final situation involves similar circumstances in which any other immediate family member or individual of similar relationship is incapacitated, and the defendant is the only caregiver. Id. § 1B1.13(b)(3)(D). Edenso requests compassionate release to be the caregiver for his father, Christopher Garcia.[2] So, his request falls under subsection (C).

To qualify for a reduction under U.S.S.G. § 1B1.13(b)(3)(C), the defendant's parent must be "incapacitat[ed]" and the defendant must "be the only available caregiver for the parent." Id. § 1B1.13(b)(3)(C). Edenso does not provide his father's age. See Docs. 80, 80-1, 80-2. Edenso describes his father as suffering from the after-effects of an old spine injury, including having a metal rod in his back, as well as being paralyzed on his left side following a heart attack in September 2025. Doc. 80 at 6; Doc. 80-1 at 2. Edenso also details that his father wears a heart monitor and is relearning to walk following his heart attack. Doc. 80-1 at 2. Edenso writes that his father is "now fighting for his life." Doc. 80 at 6. In his September 23, 2025 request for compassionate release to the warden, Edenso wrote that his father had surgery on his neck, got a plate put in, was in the hospital with no one to help him, and had not eaten in five days. Doc. 81

---

[2] Edenso provided some information relating to his own medical conditions and medications, but he did not argue for compassionate release on that basis. See Docs. 80, 80-1. As Edenso has not moved for compassionate release under § 1B1.13(b)(1), the analysis is constrained to § 1B1.13(b)(3).

at 139. Edenso did not submit supporting documentation concerning his father's incapacitation, such as affidavits or medical records. See, e.g., United States v. Ortega, No. 17-20007, 2021 WL 5038791, at *3 (D. Kan. Oct. 29, 2021) (holding a letter from a doctor's office discussing defendant's mother's condition following a heart attack demonstrated incapacitation).

However, even if this Court considered Edenso's father incapacitated, Edenso has failed to demonstrate the second prong, that he is "the only available caregiver" for his father. Edenso wrote that his father lives in Seattle, Washington, and Edenso included information showing that his father lives near Edenso's paternal aunt and uncles, Deanna and Doug McClure, and Jonathan Garcia. Doc. 80-2. Additionally, although Edenso's presentence report was prepared in 2016, at that time, Edenso's two sisters and half-brother also lived in Washington state. Doc. 63 at 9. Edenso wrote in his September 23, 2025 request for compassionate release that his sisters do not want to help and his brother is working a lot. Doc. 81 at 139. Without further explanation as to why these multiple family members cannot act as caregivers for Edenso's father, Edenso has not met his burden to show he is the only caregiver for his father under U.S.S.G. § 1B1.13(b)(3)(C). See United States v. Prado, No. 5:21-CR-50022, 2024 WL 3964420, at *3–4 (D.S.D. Aug. 28, 2024); United States v. Hall, No. 04-0323, 2022 WL 2105975, at *3 (D. Md. June 10, 2022) ("Generally, compassionate release based on family circumstances has only been granted where a defendant is the sole available caregiver for his or her minor child or a closely-related and incapacitated adult."). Consequently, Edenso has not established an extraordinary and compelling reason for a reduction in his sentence under U.S.S.G. § 1B1.13(b)(3)(C).

## C. Section 3553(a) Sentencing Factors

Although a court need not consider the § 3553(a) factors when there are no extraordinary or compelling reasons to reduce a sentence, United States v. Speker, No. 3:12-CR-30057, 2024

WL 3858134, at *4 (D.S.D. Aug. 19, 2024), a review of the § 3553(a) factors weighs against granting Edenso compassionate release. The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a). These factors inform the Court's duty to ensure the sentence imposed is "'sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)[]." Pepper v. United States, 562 U.S. 476, 491 (2011).

The "nature and circumstances of the offense" weigh against a reduction in Edenso's sentence. Edenso was convicted of a homicide in causing the death of his infant son. Doc. 63 at 4. Edenso's personal history and characteristics neither favor nor disfavor granting compassionate release. Edenso's early childhood was marked by instability with his mother's substance use and his father's absence and incarceration. Id. at 9. Edenso eventually was raised by his grandparents, whom he considered to be his parents. Id. Edenso attended one semester of college, but withdrew in 2012, the same year that his grandmother passed away. Id. at 11. Edenso had a work history, including jobs at Pizza Hut, Subway, and the Rosebud Casino, all of which would have considered Edenso for reemployment. See id. Edenso to his credit has completed several education courses while incarcerated. See Doc. 81 at 138.

This Court determined that a sentence of 185 months was sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. After thoroughly reviewing the record of this case in light of the remaining § 3553(a) factors, including the kinds of sentences available, the need to avoid unwarranted sentencing disparities, and the need to provide educational, vocational, or correctional treatment in the most effective manner, this Court concludes that these factors are not served by a reduced sentence.

### III.   Conclusion and Order

Edenso has failed to meet his burden to show extraordinary and compelling reasons to justify compassionate release at this time, and even if such reasons did exist, the § 3553(a) factors counsel against a reduction in his sentence.

Therefore, it is hereby

ORDERED that the Motion for Compassionate Release, Doc. 80, is denied.

DATED this *16ᵗʰ* day of April, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

8